<hr />

(60 Misc. Rep. 139.)

PEOPLE ex rel. GLENS FALLS TRUST CO. v. REOUX, County Treasurer.

(Supreme Court, Special Term, Fulton County.    July, 1908.)

1. DEPOSITARIES (§ 6*)—DESIGNATION.

   A resolution of county supervisors limiting the designation of depositaries of money received by the county treasurer to banks and trust companies does not affect Laws 1877, p. 492, c. 436, making it the duty of the county treasurer within 20 days after entering on his duties to designate depositaries by an instrument in writing.

   [Ed. Note.—For other cases, see Depositaries, Cent. Dig. § 20;  Dec. Dig. § 6.*]

2. DEPOSITARIES (§ 6*)—DESIGNATION BY TREASURER.

   Where a county treasurer is required under Laws 1877, p. 492, c. 436, to designate depositaries for public moneys received, the county supervisors have no power to direct him as to the manner of such designation, nor to limit the depositaries to banks and trust companies.

   [Ed. Note.—For other cases, see Depositaries, Cent. Dig. § 20;  Dec. Dig. § 6.*]

<hr />

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. DEPOSITARIES (§ 6*)—DESIGNATION BY SUPERVISORS.

Where county supervisors are authorized to designate banks for deposit of county funds, such direction must be by legislation published in accordance with the statute.

[Ed. Note.—For other cases, see Depositaries, Cent. Dig. § 20; Dec. Dig. § 6.*]

Application by the people, on the relation of the Glens Falls Trust Company, for writ of mandamus to the county treasurer of Warren county. Application denied.

Jenkins, Kellogg & Barker (F. A. Rowe, of counsel), for relator. Loyal L. Davis (James H. Bain, of counsel), for respondent.

SPENCER, J. This is an application for a writ of mandamus. The undisputed facts are as follows: At the general election November 6, 1906, the respondent, Reoux, was elected treasurer of Warren county for the full term of three years. He entered upon the duties of the office January 1, 1907. Within 20 days thereafter he, pursuant to section 143 of the county law (Laws 1892, p. 1776, c. 686), designated Emerson & Co., private bankers of Warrensburg in said county, as depositary for all moneys received by him as treasurer. The designation was in writing, regular in form, and duly filed. He has deposited the public funds with such depositary.

On March 3, 1908, the board of supervisors of the county adopt- a resolution in the following terms:

"Resolved that the treasurer of Warren county be, and he hereby is, directed to ask the several banks and trust companies, situated in the county of Warren to submit sealed bids to be opened April 1, 1908, as to the rate of interest they will pay to the county on daily balances. And be it further

"Resolved that the said county treasurer be, and he hereby is, directed to deposit the county funds in the bank or trust company offering the highest rate of interest."

In compliance with the foregoing resolutions, the county treasurer made the requests as directed, and received from the banks and trust companies in the county sealed proposals of which the relator was the highest bidder. Thereupon the relator made demand upon the treasurer that he deposit the county funds with the relator, which was refused. This application to the court was then made for a writ of mandamus commanding the treasurer to obey said directions of the board of supervisors.

I think we may overrule the preliminary objection made by the respondent to the effect that the relator has no standing in court, and that the application, if made by any one, should have been made by the board of supervisors whose mandate has been disobeyed, on the ground that, if such mandate is valid, the relator has such an interest in the matter that the court should intercede in its behalf.

The sole question involved in this controversy is whether the board of supervisors had authority to adopt the resolution. Boards of supervisors have only such powers of local legislation and administration as the Legislature may from time to time confer. Const. art. 3, § 27. A careful examination of all the statutes conferring such

authority does not disclose any reference to this subject, except that which is found in section 143 of the county law. As this was taken from, or is a revision of, a former statute (Laws 1877, p. 492, c. 436), it will be well to consider them together. After the adoption of the law of 1877, many, if not most, of the counties of the state were by special acts excepted from its operations, so that, when the statutory revision commission in 1889 began the revision of the laws, they found that the general law applied to only a few counties. This indicated that the subject-matter was something which many counties desired to regulate for themselves. So far as I can find, there is no reliable information as to what methods were employed by counties which were exempted.

The law of 1877 reads as follows:

"Section 1. It shall be the duty of the county treasurer, hereafter elected or appointed, of each county in this state, except the city and county of New York, within twenty days after he shall have entered upon the duties of his office, to designate by instrument in writing," etc.

The learned commissioners, when they came to revise this part of the section and make it a part of the county law, wrote as follows:

"Section 143. Each county treasurer shall, within twenty days after he shall have entered upon the duties of his office, except in counties whose boards of supervisors shall otherwise direct, designate by written instrument," etc.

This shows a clear intention to exempt certain counties from the operation of the statute. It provides that all counties whose boards of supervisors direct otherwise shall be excepted. The fact that many of the counties had been excepted from the former statute affords reasons for this provision. The word "shall," as employed, indicates any county whose supervisors had made at that time, or should thereafter make, directions in regard to the subject. If we are, therefore, to follow the language of the statute, we must conclude that, if the directions made by the board of supervisors of Warren county were those contemplated by the statute, such statute has no longer any application to that county. But the resolutions do not in terms or otherwise direct that the designation of depositaries in the county shall be otherwise than under the provisions of the statute. They contemplate the continued operation of the statute, but assume to direct the county treasurer how and in what manner he shall make designations thereunder. We must, therefore, conclude that there has been no withdrawal or exemption of that county from the operation of the statute and that the resolutions make no attempt so to do. On the contrary, the resolutions attempt to direct the treasurer as to the way and manner he shall perform his duties under the statute and to limit the designation of depositaries to banks and trust companies. I do not think the statute authorizes any such exercise of power. The statute includes bankers in the list of those who may be designated. The resolutions limit the list to banks and trust companies. By section 145 of the county law, the county treasurer is not released from liability to the county for moneys deposited, but the default of the depositary is deemed the default of the treasurer. If the contention

prevail that the treasurer submit to the directions of the board of supervisors in the selection of a depositary, then the treasurer is responsible for the default of one he did not select. It cannot be supposed that the law contemplated any such result.

Again, under the statute, the treasurer may act only during the first 20 days of his official term. Respondent acted within that period, and the time had expired. Was it the intention of the statute that the board could thereafter revoke the designation, and require him to make new designations as often as it chose to direct? The power to direct implies master and servant, one who may dictate to another without let or hindrance. I can hardly think that such a result was intended. If the board of supervisors of the county is authorized to take jurisdiction of the designation of banks for deposit of county funds, it must be because this power is deemed to be conferred on them under their authority to legislate. But such legislation must be enacted and published in accordance with the statute regulating such legislation. According to the report of the Board of Statutory Consolidation made during the present year, the act conferring such authority (Laws 1875, p. 556, c. 482) has been repealed. It is doubtful if any such authority still remains. But no one, I think, will contend that the resolutions in question were adopted as required by the law regulating such legislation.

I have, therefore, reached the conclusion that the resolutions adopted by the board of supervisors are unauthorized and not binding upon the county treasurer, and that the application for a writ of mandamus must be denied, with $50 costs and disbursements.

Ordered accordingly.